1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11  ASM ASSEMBLY SYSTEMS                 Case No.:  15CV714 BEN (RBB)
    SWITZERLAND GMBH and ASM
12  VECTORGUARD LIMITED,                 **ORDER GRANTING MOTION TO
                                         DISMISS**
13                          Plaintiffs,
                                         [Docket No. 8]
14  v.

15  QTS ENGINEERING, INC.,

16                          Defendant.

17

18          Defendant QTS Engineering, Inc. moves to dismiss Plaintiffs ASM Assembly

19  Systems Switzerland GmbH and ASM Vectorguard Limited's Complaint for patent

20  infringement under Federal Rule of Civil Procedure 12(b)(2) for lack of personal

21  jurisdiction and Federal Rule of Civil Procedure 12(b)(3) for improper venue.  (Docket

22  No. 8.)  Defendant asserts that as a Massachusetts corporation with no presence or

23  contacts with the state of California it is not subject to personal jurisdiction here.

24  Plaintiffs counter that Defendant's attendance at a trade show in San Diego is sufficient

25  to subject Defendant to specific personal jurisdiction in this district.  (Docket No. 11.)

26  Defendant filed a Reply.  (Docket No. 12.)  For the reasons set forth below, the Motion is

27  granted.

## BACKGROUND

Plaintiffs allege that Defendant develops stencil frames for use in automated stencil printers, including its Apshen Stencil Foil Adapter System ("Apshen Frame").  Plaintiffs allege that Defendant has infringed U.S. Patent No. 8,490,545 ("the '545 Patent") entitled "PRINTING SCREENS, FRAMES THEREFOR AND PRINTING SCREEN UNITS" and U.S. Patent No. 8,904,929 ("the '929 Patent") entitled "PRINTING SCREENS, FRAMES THEREFOR AND PRINTING SCREEN UNITS" by using, offering to sell, and selling Defendant's Apshen Frame product.

The Complaint alleges that Defendant is subject to personal jurisdiction in this district because Defendant has "advertised, marketed, distributed, or sold infringing merchandise within this district, including but not limited to . . . during the IPC APEX EXPO 2015, one of the largest trade shows for the printed circuit board and electronics manufacturing industry, during the week of February 20, 2015 at the San Diego Convention Center."  (Compl. ¶ 6.)

## DISCUSSION

Courts must apply Federal Circuit precedent in determining whether the court has personal jurisdiction in patent infringement cases "because the jurisdictional issue is 'intimately involved with the substance of the patent laws.'"  *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012) (quoting *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008)).  When no jurisdictional discovery has been conducted,[1] a plaintiff need "only make a prima facie showing that [a defendant is] subject to personal jurisdiction."  *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (quoting *Avocent*, 552 F.3d at 1328).

"A personal jurisdiction determination for an out-of-state defendant is a two step inquiry: 'whether a forum state's long-arm statute permits service of process and whether

---

[1] Neither party requested jurisdictional discovery.

assertion of personal jurisdiction violates due process.'" *Grober*, 686 F.3d at 1345 (quoting *Autogenomics*, 566 F.3d at 1017). In California, "the inquiry collapses into 'whether jurisdiction comports with due process'" because California's long-arm statute is coextensive with federal due process. *Id.*

Personal jurisdiction may be general or specific. *Id.* However, Plaintiffs only assert personal jurisdiction based on specific jurisdiction. "Specific jurisdiction . . . must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Autogenomics*, 566 F.3d at 1017 (citing *Silent Drive Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003)). "When analyzing specific personal jurisdiction over a nonresident defendant, a court considers whether: '(1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair.'" *Grober*, 686 F.3d at 1346 (quoting *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)). Plaintiff bears the burden on the first two parts that "correspond with the 'minimum contacts' prong of *International Shoe v. Washington*, 326 U.S. 310 (1945)." *Id.* (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). The burden then "shifts to the defendant to prove that personal jurisdiction is unreasonable." *Id.* The "third factor corresponds with the fair play and substantial justice prong of the analysis." *Id.* (quoting *Inamed*, 249 F.3d at 1360).

Plaintiffs assert that by traveling to San Diego and showing the Asphen Frame at the IPC APEX EXPO, Defendant has purposefully directed its infringing activities at residents of California.[2] Defendant has had no other contacts with California or its

---

[2] The Complaint makes other conclusory allegations about Defendant's activities, however, Plaintiffs' Opposition relies only on the trade show appearance and does not dispute Defendant's assertion that is has had no contacts with California other than this single trade show appearance. And, as previously noted, Plaintiffs did not seek jurisdictional discovery.

residents other than its single appearance at a trade show in San Diego.  (Mot. to Dismiss, Decl. of Thomas Erdmann ¶¶ 4-17.)  The Court does not find that a single appearance at an international annual trade show constitutes "purposefully direct[ing] its activities" at California residents.  Nor can the Court find Plaintiffs' claim arises out of Defendant's activities in the state when the Defendant's only activity in the state is a single appearance at an international trade show.

Plaintiffs have not met their burden as to the first and second factors of the analysis.  However, even if the Court assumed they had, the Court would still lack personal jurisdiction because exercising personal jurisdiction here would not comport with fair play and substantial justice.  Although "the third factor applies only sparingly," this is "the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010).  It would not be reasonable and fair to require a Massachusetts corporation with no connection to California, other than a single appearance at an international trade show, to defend itself in California against two foreign corporations who also lack any connection to California.

> Factors relevant to this inquiry may include the following: 'The burden on the defendant; the forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.

*Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010) (quoting *Burger King Corp v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)).  There is a significant burden in having a Massachusetts corporation with no connection to California defend an action on the other side of the country when all documents and

witnesses related to the alleged infringement are likely in Massachusetts.  The forum state, California, has no interest in adjudicating a dispute between two foreign corporations that have no connection to California and a Massachusetts corporation that has no connection to California.  There is no reason this forum is more convenient than another given the lack of connection between California and any of the parties.  Nor is the Court aware of any reason litigating in this forum would further the interests of the interstate judicial system or the States' interest in resolving controversies or furthering fundamental substantive social policies.  In short, it does not comport with fair play and substantial justice to subject a defendant to personal jurisdiction on the other side of the country based solely on attendance at one international trade show when the plaintiff does not even have a connection to the forum.

Because this Court lacks personal jurisdiction over the Defendant, the Motion to Dismiss is **GRANTED**.

**CONCLUSION**

The Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**.  The case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Dated:  January 22, 2016

Hon. Roger T. Benitez
United States District Judge

5

15CV714 BEN (RBB)